**Howard M. SHERMAN,**
**Plaintiff–Appellant,**

v.

**CHRYSLER CORPORATION,**
**Defendant–Appellee.**

No. 00–2287.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER,* District Judge.

BATCHELDER, Circuit Judge.

Howard M. Sherman appeals the jury's verdict in favor of his employer, Chrysler Corporation, on age discrimination and retaliation claims brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Michigan's Elliot–Larson Civil Rights Act (ELCRA), MICH. COMP. LAWS ANN. § 37.2101. Sherman appeals as well the district court orders dismissing several of his claims prior to trial and various of the court's evidentiary rulings before and during the trial. We affirm.

## I.

Sherman, who was born in 1945, was hired by Chrysler in July, 1988, as a product engineer assigned to work in the steering group on the small vehicle platform. At that time he had approximately fifteen years of engineering experience. During his years at Chrysler, Sherman received positive performance reviews.

In February, 1994, Sherman applied for a promotion to a newly opened senior engineer position. The position went to thirty-one year old Ron Huszarik. In light of what he viewed as the unfair promotion of a younger, less qualified person Sherman filed a complaint with the Equal Opportunity Employment Commission (EEOC) on April 8, 1994, charging that Chrysler had discriminated against him based on his age when it promoted Huszarik instead of him. Sherman attached an affidavit to his complaint stating:

I believe there is a youthing movement happening at Chrysler. About two-and-a-half years ago, I was passed over for a similar promotion in favor of a younger candidate, Scott Kunselman (approximately age 28 at the time of selection). In fact, the position was created for Hadrian Rori when he was not selected for the initial posting. There was only one Product Engineer Senior, but a second slot was created for Rori. He was about 29 years old at the time.[1]

J.A. 681.

Cliff Davis, one of Sherman's supervisors, was informed of the complaint on April 12, 1994. On April 18, Davis wrote two pages of notes detailing what Davis believed were Sherman's past errors; the following day Davis made further notes, this time concerning his selection of Huszarik.

On May 25, 1994, Mark Pedersen, Sherman's immediate supervisor, reprimanded Sherman for his failure to test a vehicle as Pedersen had instructed. Sherman's 1994 performance review, given on January 24, 1995, was lower than previous reviews. Although Chrysler had a practice of giving interim performance reviews, Sherman had not received any interim review during 1994 that would have alerted him to his deficient performance.

On February 1, 1995, Sherman filed a second charge with the EEOC alleging that the 1994 review was in retaliation for his having filed a complaint with the EEOC. In the attached affidavit, Sherman detailed the nature of his 1994 review, the

---

* The Honorable Karl S. Forester, United States Chief District Judge, Eastern District of Kentucky, sitting by designation.

1. The events surrounding Rori and Kunselman occurred in September, 1991.

lack of an interim review, and how, on February 2, he had applied for a promotion to a senior engineer position that thirty-year old Wendy Smolarek received. Sometime after the filing of the second EEOC claim, Pedersen and his superiors, Jack Broomall and Davis, came to an understanding that they would not recommend Sherman for any promotions. In April 1995, Sherman applied for another senior engineer position which Dara David, who was thirty-years old, received. In July of that year, Sherman applied for a lateral transfer to a product engineer position for which thirty-five year old John Tache was selected. In October, Sherman laterally transferred to a separate facility.

In February 1997, the EEOC issued a letter of violation stating that Chrysler had violated the ADEA by awarding the 1994 position to Huszarik. In an undated letter relating to Sherman's second charge, the EEOC held that Chrysler had violated the ADEA "on the basis of age and retaliation, for the unsatisfactory performance evaluation, denial of an Interim evaluation, and promotions." Sherman applied in June 1997, for a lateral transfer to a product engineer position, but thirty-three year old Dan Moy was selected. On June 23, 1997, Sherman filed a complaint in the Eastern District of Michigan alleging age discrimination and retaliation in violation of the ADEA and the ELCRA. In January 1998, he applied for a lateral transfer to a product engineer position that was given instead to twenty-five year old Anna Schultz.

After several months of the parties' skirmishing over discovery matters, Chrysler filed a motion for summary judgment. The district court granted the motion as to Sherman's claim of age discrimination (both ADEA and ELCRA) with regard to the 1994 performance review because Sherman failed to show that similarly situated people outside of the protected class were treated differently. The court granted the motion as to Sherman's ELCRA claims based on incidents that had occurred prior to June 23, 1994, holding that those claims were barred by the three-year Michigan statute of limitations. The court denied the motion as to the remaining claims.

Prior to trial on the remaining claims, Chrysler filed motions in limine to exclude evidence of those incidents of age discrimination as to which the court had granted summary judgment and to exclude the records and findings of the EEOC. The district court excluded the EEOC determinations on Sherman's charges; a letter from Sherman's prior counsel to Chrysler warning Chrysler not to retaliate against Sherman for filing the first EEOC charge; and evidence in EEOC records relating to Sherman's charges. The court did not exclude the charges themselves. The court also granted Chrysler's motion to exclude the evidence of alleged incidents of discrimination dismissed on summary judgment.

On March 20, 2000, the district court issued an amended order on Chrysler's motion for summary judgment, dismissing all of Sherman's age discrimination claims under the ADEA as to which he had failed to exhaust his administrative remedies; this order therefore dismissed Sherman's claims as to all incidents except the Huszarik 1994 promotion. The court then granted summary judgment on Sherman's ELCRA age discrimination claims concerning the positions given to John Tache, Daniel Moy, and Anna Schultz, holding that because in each of these incidents, he was denied only a lateral transfer, Sherman had not established that he had suffered an adverse employment action.

The case went to trial on Sherman's

ADEA and ELCRA[2] claims of age discrimination on the Huszarik position, his ELCRA claim of age discrimination on the David and Smolarek positions, his ADEA claims of retaliation, and, under a continuing violation theory, his ELCRA retaliation claims arising after April 8, 1994. The jury returned a verdict for Chrysler on all of the claims, and the district court denied Sherman's motion for a new trial. This timely appeal followed.

Before us, Sherman argues that the district court erred in (1) granting summary judgment on those claims of age discrimination as to which Sherman had failed to exhaust his administrative remedies or which were barred by the statute of limitations, because those acts were a part of a continuing violation; and in granting summary judgment on the lateral transfers; (2) excluding from the jury's consideration evidence surrounding the claims dismissed on summary judgment; (3) excluding from the jury's consideration the EEOC records; (4) permitting the jury to hear testimony regarding his unrelated litigation; and (5) denying his motion for a new trial.

## II.

We review de novo the district court's order granting summary judgment. *Bush v. Dictaphone Corp.,* 161 F.3d 363, 367 (6th Cir.1999). We must view all of the evidence in the light most favorable to Sherman as the non-moving party, and we will affirm if there is no genuine issue of material fact and Chrysler was entitled to judgment as a matter of law. *Id.* at 368.

Sherman claims that the district court erred because his allegations of discrimination revolved around a continuing course of age discrimination, beginning in 1991 and lasting to the present, and thus the district court erred in dismissing of some of the instances of allegedly discriminatory conduct for failure to exhaust or because the statute of limitations had expired.

The ADEA prohibits discrimination in the "compensation, terms, conditions or privileges of employment" based on age. 29 U.S.C. § 623(a). The ELCRA prohibits age discrimination in a similar manner. MICH. COMP. LAWS ANN. § 37.2101 *et seq.* Federal law requires that a person aggrieved by a discriminatory act first exhaust his administrative remedies with the EEOC by filing a charge of discrimination. 29 U.S.C. § 626(d)(2). Michigan law has no exhaustion requirement, *see Rogers v. Bd. of Educ. of the Buena Vista Sch.,* 2 F.3d 163, 168 (6th Cir.1993), but it does have a three-year statute of limitations, *see* MICH. COMP. LAWS ANN. § 600.5805(9). Related to the exhaustion requirement is the rule that charges filed with the EEOC "should be liberally construed to encompass all charges reasonably expected to grow out of the charge of discrimination." *Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir.1992) (quotations omitted). A federal court may look to allegations contained in an affidavit accompanying an EEOC charge for further explication of the claims presented in the charge. *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 833 (6th Cir.1999).

The Supreme Court recently greatly limited the viability of a continuing violations theory. In *National Railroad Passenger Corp. v. Morgan,* —— U.S. ——, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002), the Court ruled that statutory time periods for filing charges with the EEOC under Title VII require an individual to file a charge within either 180 or 300 days of the

---

2. The district court incorrectly stated that the ELCRA claim was still viable because it had earlier granted summary judgment on the claim as barred by the three-year statute of limitations.

occurrence of a "discrete retaliatory or discriminatory act." In strong language the Court stated:

[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.

*Id.* at 2072. Consequently, each alleged discrete act of discrimination and retaliation must be exhausted and a plaintiff cannot rely on a continuing violations theory. We can find no principled basis upon which to restrict the Court's holding to Title VII, and we therefore conclude that the Court's reasoning must be applied to the ADEA.

■ In his first EEOC charge, filed on April 8, 1994, Sherman referred only to the Huszarik promotion, although in his affidavit accompanying the charge he averred that the denial of two promotions into positions that went to Kunselman and Rori was discriminatory. However, since the Kunselman and Rori promotions took place in September of 1991, and Sherman did not file an EEOC charge with regard to them within the 300 day statutory period, he failed to exhaust his administrative remedies as to them. In his second charge and affidavit, filed on February 1, 1995, Sherman alleged retaliation regarding his 1994 review, the lack of an interim review in 1994, and the Smolarek promotion. The district court correctly found

that these claims of retaliation were exhausted. Those retaliation claims based on acts subsequent to the filing of that charge, however, were never the subject of an EEOC charge, and therefore were not exhausted. *See Morgan,* 122 S.Ct. at 2073 ("[E]ach retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" which must be exhausted). We therefore affirm the district court's grant of summary judgment on Sherman's ADEA age discrimination claims. We find erroneous the district court's determination that Sherman's retaliation claims other than the 1994 review, the lack of an interim review in 1994, and the Smolarek promotion, were properly exhausted, but we find that the error was harmless in light of the jury's verdict in favor of Chrysler on those claims.

■ Sherman's second assignment of error with regard to the grant of summary judgment centers around whether Chrysler's failures to grant Sherman the lateral transfers he sought were adverse employment actions. To establish that he suffered an actionable adverse employment action Sherman must show that there was a "materially adverse change in the terms of h[is] employment." *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 885 (6th Cir.1996). "[R]eassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions." *Id.* The *Kocsis* Court offered a list of objective factors by which to judge whether an employee has suffered an adverse employment action: (1) significantly changed responsibilities; (2) decreased salary; (3) less distinguished title; and (4) material loss of benefits. *Id.* at 886.

We agree with the district court that Sherman failed to introduce evidence to show that the denials of his requests for lateral transfer resulted in materially adverse changes in the terms of employment.

The positions into which he was seeking to transfer involved similar duties, title, pay, and conditions of work and the denial of those transfers did not, therefore, constitute adverse employment actions.

## III.

We review for abuse of discretion the district court's decision to exclude evidence of those incidents dismissed on summary judgment. *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir.1998). A district court abuses its discretion when it applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. *Schachner v. Blue Cross & Blue Shield of Ohio*, 77 F.3d 889, 895 (1996). We will not find an abuse of discretion unless we have a "definite and firm conviction that the trial court committed a clear error of judgment." *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir.1996).

Sherman argues that the district court, by excluding the evidence of the other alleged incidents of discrimination, prevented him from presenting to the jury the full pattern or practice of discrimination perpetrated by Chrysler. Federal Rule of Evidence 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice is the "undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence." *Doe v. Claiborne County*, 103 F.3d 495, 515 (6th Cir.1996) (citation and quotations omitted).

■ We find that the district court abused its discretion when it determined that jury confusion and wasted time would result from the introduction of evidence relating to alleged discrimination that was not central to the incidents tried to the jury. There was little potential for jury confusion and the evidence of other incidents of discrimination had probative value on the question of whether Chrysler discriminated against Sherman when it denied him promotions to those positions. FED. R. EVID. 401. As noted by the Supreme Court in *Morgan*, 122 S.Ct. at 2072, (a case of which the trial court did not have the benefit when it made its ruling), "[n]or does the statute bar an employee from using the prior acts as background evidence in support of a timely claim." We conclude, however, that even if the evidence from the dismissed incidents had been presented to the jury—and indeed, much of the excluded evidence did come before the jury in connection with the claims of retaliation and the ELCRA claims—there was insufficient evidence to support Sherman's claims of age discrimination. We therefore find that the error was harmless.

■ We also review for abuse of discretion the district court's decision to exclude various EEOC evidentiary records (including Sherman's affidavits and letters to the EEOC), EEOC letters of violation, and Sherman's letter to Chrysler warning it not to retaliate, on the grounds that such evidence would tend to confuse the issues or the jury and result in unfair prejudice.

We find no abuse of discretion with regard to these records. An EEOC letter of violation is presumptively inadmissible "because it 'suggests that preliminarily there is reason to believe that a violation has taken place' and therefore results in unfair prejudice to defendant." *Williams v. The Nashville Network*, 132 F.3d 1123, 1129 (6th Cir.1997) (quoting *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir.1994)). Sherman's affidavits and letters in support of his EEOC charges

contained information that the district court concluded would be introduced through testimony at trial and Sherman has not explained why, in light of that fact, the admission of these documents was necessary or what probative value they might have had. Finally, Sherman was permitted to testify at trial that a letter had been sent on his behalf to Chrysler advising that the first EEOC charge had been filed and asking that the company not retaliate against him because of it. It was within the district court's sound discretion to conclude that these records were not necessary and that they might tend to confuse the jury.

## IV.

We review for abuse of discretion the district court's evidentiary ruling allowing Chrysler to cross-examine Sherman on other litigation in which he was involved. *United States v. Frost*, 914 F.2d 756, 772 (6th Cir.1990). During the trial, Sherman testified that Chrysler's discriminatory actions had put a great strain on his relationship with his wife and children, and that his inability to advance at Chrysler because of his age had caused him to lose patience, and to become argumentative and depressed. To rebut Sherman's attempt to portray Chrysler as the sole or primary stressor in his life, Chrysler, over Sherman's objection, was permitted to cross-examine Sherman concerning other lawsuits in which he had been involved during the same time period. Sherman charges that the questions regarding his other litigation were intended to permit the jury to infer that he had sued Chrysler simply because he is litigious, which was improper under Federal Rule of Evidence 404(b). This circuit requires a three-part test to determine the admissibility of other acts evidence: first, whether there is sufficient evidence that the other acts occurred; second, whether the evidence is probative of a material issue other than

character; and third, using the Rule 403 balancing test, whether the probative value of the evidence is substantially outweighed by its prejudice to the party against whom it is offered. *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir.2002). Other acts evidence is probative of an issue other than character if: "(1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *Id.* (citing *United States v. Johnson*, 27 F.3d 1186, 1190–91 (6th Cir.1994)).

■ Here, Sherman admitted on cross-examination that he was involved in other litigation. This evidence was probative because it tended to rebut Sherman's claim that the primary cause of his emotional and familial stress—and hence his emotional damage—was his ongoing difficulty with Chrysler. And the probative value of the prior litigation evidence was not substantially outweighed by any prejudice. The district court did not abuse its discretion.

## V.

We review for abuse of discretion a district court's denial of a motion for a new trial. *Barnes v. Owens–Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir.2000).

■ In his motion for a new trial, Sherman argued that the jury's finding in favor of Chrysler on his claim of retaliation was against the clear weight of the evidence. The district court, after reviewing the evidence relating to that claim, held that

Sherman's detailed arguments in support of a new trial on his retaliation claim do no more than marshal the evidence presented at trial in a light most favorable to him and ask the Court to find the reasons the supervisors and managers gave for certain of the performance reviews and choice of others over

him for promotion were simply not credible .... Essentially, Sherman is asking the Court to retry the case and come to a conclusion different than that of the jury. That is not the Court's function when ruling on a motion for a new trial. Rather, the Court must determine whether, viewing the evidence in a light most favorable to defendant, the jury's verdict was against the weight of the evidence. The Court concludes that it was not.

Sherman makes the same arguments before us on appeal. We cannot improve upon the district court's ruling on the motion.

### CONCLUSION

For all of the foregoing reasons, we **affirm** the judgment of the district court.